## CURTIS & PHELPS *v.* PARISH OF MOREHOUSE.

Plaintiffs claiming to have a charter of the Louisiana legislature to construct a turnpike road from Point Pleasant, in the parish of Morehouse, to Bœuff River, in the same parish, alleged that the police jury of Morehouse had opened a road running some distance, parallel with their turnpike, and intersecting it at one point, thus diverting travellers from the turnpike and inflicting heavy damages in the way of loss of tolls. The action was for damages against the police jury. *Held :* The charter of the plaintiffs does not deprive the parish of the prerogative of making other public roads from other points even if these roads should cause a diminution of plaintiff's receipts.

APPEAL from the District Court of Morehouse. *Richardson,* J. *Newton & Hall,* for plaintiff and appellant. *Todd & Brigham,* for defendant.

COLE, J. This is an action for damages based upon the allegations of the petition, in substance as follows :

It is alleged that by an Act of the Legislature of the State of Louisiana, approved April 30th, 1853, *Asabel Curtis,* one of the plaintiffs, procured a charter to construct a turnpike road from Point Pleasant in the parish of Morehouse to Bœuff River, in the same parish, a distance of about 25 miles.

That after obtaining said charter, the police jury of the said parish of Morehouse, "granted him the right to use for his said turnpike, and to construct the same upon the public road leading from said Point Pleasant, through Bastrop and Prairie Mer Rouge to Bœuff River."

That after obtaining this grant, *Curtis* sold half his interest in said road to his co-plaintiff, *Phelps.*

That they proceeded to make and to construct their turnpike, and expended ten thousand dollars in making the same, and had finished a large portion of the road, and had put up one or more toll gates upon the finished portion of the road, in order to charge and receive the toll allowed by said charter, when the police jury of said parish. caused to be opened a new road from Point Pleasant to the Red Hill. a distance of some six or seven miles, running parallel with the turnpike, and intersecting it at the latter point named.

That by means of the new road, travellers were enabled to avoid the turnpike, and in consequence thereof, they had been damaged twenty thousand dollars in the loss of toll to which they were entitled.

To this demand defendant filed a peremptory exception, upon the ground that no cause of action was set forth in the petition. The exception was referred to the merits.

The answer of the defendant contains first, a general denial, and further alleges, that if the police jury of the parish ever made such a grant of the public highway to plaintiffs, as is claimed by them, that said grant was a nullity, because the police jury had no power or authority under the laws of the State to make such a grant, or to bind the parish by the same.

That even if said grant was a valid one, that it was conditional, and plaintiffs have failed on their part to comply with the conditions therein contained.

That they have not made a turnpike road, nor otherwise constructed said road in the manner required.

That in consequence of their failure to comply with said conditions prescribed, and of their charging toll beyond the rates allowed by their charter, they have forfeited both their grant from the parish and their charter from the State.

That for said reasons the gates erected by them across the public highway were nuisances which should be abated, and that plaintiffs, by the trouble, inconvenience and expense caused by their said proceedings had damaged the parish ten thousand dollars.

It is further alleged, that the parish of Morehouse, or the police jury thereof, had full power and authority to cut out the new road complained of, or any other road they might deem necessary for the convenience of the public, and that plaintiffs, or no one else, had a right to question their authority or complain of their acts in the premises.

The answer concludes with a prayer for judgment in favor of the parish against the demands of plaintiff; that the gates erected by plaintiff upon and across the public highway be declared nuisances and ordered to be taken down, and plaintiffs be perpetually enjoined from again putting them up, and for damages in favor of the parish for ten thousand dollars.

Upon these issues and pleadings the parties went to trial before a jury, and from a judgment in favor of defendant, plaintiffs appealed.

We are of opinion that the police jury had the right to make the new road, if they deemed it necessary for the public convenience.

The charter of plaintiffs does not deprive the parish of the prerogative of creating as many other public roads from other points, as their wisdom may dictate, and the public wants require.

The parish cannot be deprived of its legal right to make this new road, because it may enable travellers to elude the toll gates on the road of plaintiffs, at points of intersection beyond the gates, and thus to use a part of their turnpike without paying toll; it is for the plaintiffs to prevent this by the exercise of their legal remedies against such travellers, if any such they have.

The grant by the parish of the old road to plaintiffs did not divest it of the privilege of making other roads from other points than those of the turnpike road, even if their creation should incidentally cause a diminution of the receipts of the latter.

We express no opinion on the legality of the grant of the old road to plaintiffs; if the police jury interfere with their vested rights, they can arrest their action by injunction.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.